**ASHETON B. CALL, P.C.**
**2950 North Dobson Road, Suite #6**
**Chandler, Arizona 85224**
**Asheton B. Call #016872**
**Telephone (480) 969-7999**
**Facsimile (480) 892-6015**
**acall@callbklaw.com**

**Attorneys for Debtors**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| DARYL E. DeKOEYER, <br> # XXX-XX-3696 | Case No. 2-06-bk-01814 PHX GBN |
| and | **RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| PAMELA S. DeKOEYER, <br> # XXX-XX-3100 <br>    Debtors. | |
| NATIONAL CITY REAL ESTATE SERVICES, L.L.C., successor by merger to NATIONAL CITY MORTGAGE, INC., fka NATIONAL CITY MORTGAGE CO., <br>    Movant, <br> v. <br> DARYL E. DeKOEYER and PAMELA S. DeKOEYER, Debtors, and Russell A. Brown, in his capacity as Chapter 13 Trustee <br>    Respondents. | |

Debtors, DARYL E. DeKOEYER and PAMELA S. DeKOEYER, by undersigned counsel, hereby respond to the Motion for Relief from the Automatic Stay of NATIONAL CITY REAL ESTATE SERVICES, L.L.C., and states as follows:

1

(1)     Debtors, DARYL E. DeKOEYER and PAMELA S. DeKOEYER, filed their voluntary petition in the United States Bankruptcy Court for the District of Arizona on or about June 19, 2006, thereby commencing this above-captioned Chapter 13 proceeding. Russell A. Brown/Edward J. Maney is the duly appointed, qualified acting Chapter 13 Trustee in this matter.

(2)     Creditor, NATIONAL CITY REAL ESTATE SERVICES, L.L.C., alleges a security interest in real property of the Debtors; 6440 West Riviera Drive, Glendale, Arizona; Lot 390, Westbluff, according to Book 214 of Maps, Page 9, Records of Maricopa County, Arizona.

(3)     Upon the filing of the Debtors' Chapter 13 proceeding, the Debtors were current on their mortgage payments to Movant.

(4)     The Debtors have prepared a Chapter 13 Plan that provides for adequate protection of Movant's interest in that the Debtors are to maintain regular monthly payments to Movant outside of the Plan. The Debtors fell behind on their payments to Movant. Debtors believe they can cure the default through a catch-up Plan with Movant. The Debtors desire to retain their home and respectfully ask that the stay remain in full force and effect on the property.

(5)     The Debtors believe that there is sufficient equity in the property and that continued possession of the property is necessary for an effective reorganization. As per the holding of United States Assoc. v. Timbers of Inwood Forest, 484 U.S. 365, 98 L.E.d.2d 740, 108 S. Ct. 626 (1988), the continued possession of the property by the Debtors is "essential" for an effective reorganization and there is a "reasonable possibility of a successful reorganization within a reasonable time."

(6)     The party moving for lift stay must, in the first instance, establish a sufficient basis for relief, only then does the burden of proof lie with the Debtor to demonstrate that he/she is entitled to the stay. In re Curtis, 40 B.R. 795 Utah (D.C.D. 1984); 11 U.S.C. §362(d)(1); In re UNR Industries, Inc., 54 Bankr. 263 (B.C.N.D. Ill. 1985). In re Planned Systems, Inc., 78 B.R. 852 (B.C.S.D. Ohio 1987); In re Kim, 71 B.R. 1011 (B.C.C.D. Cal 1987). As stated in In re Kim, "… a creditor seeking relief from the

2

automatic stay has the burden of proving evidence to make a prima facie case that the creditor is entitled to relief from the stay." In re Kim, supra at p. 853.

(7) An equity cushion alone is itself generally sufficient to constitute adequate protection. In re San Clemente Estates, 5 B.R. 605 (B.C.S.D. Cal. 1980); In re Johnston, 38 B.R. 34 (B.C.D.C. Vt. 1983); In re Grant; 29 B.R. 375 (B.C.M.D. Pa. 1983). Matter of Rice, 82 B.R. 623 (S.D. Ga. 1987). This is true even if penalties and interest are accruing because the creditor remains fully secured. In re Johnston, supra.

An equity analysis, however, is not the sole aspect of determining whether to modify the stay and even if the Debtors have no equity in the property, this is not sufficient standing alone to grant relief from the stay. In re Mellow, 734 F.2d 1396 (9th Cir. 1984). Disparity between the amount of debt and the collateral is not evidence of lack of adequate protection, and is not grounds for vacating the stay. In re Ausherman, 34 B.R. 393 (N.D. Ill. 1983).

If the existence of equity by the Debtor in the property were the sole criterion in determining whether there is adequate protection of a secured creditors' interest, then the stay would have to be lifted against tangible property in nearly every consumer bankruptcy. This result would be contrary to the spirit and purpose of the Bankruptcy Code.

WHEREFORE, premises considered, Respondents/Debtors pray that Movant's/Creditor's Motion for Relief from the Automatic Stay be denied.

DATED this 8th day of January 2010.

**ASHETON B. CALL, P.C.**


By /s/ ABC #016872
    For the Firm

3

1  Copies of the foregoing mailed this
   12th day of January 2010:
2
3  RUSSELL A. BROWN, TRUSTEE
   3838 North Central Avenue, Suite 800
4  Phoenix, Arizona 85012-1965

5  MARK S. BOSCO
   Tiffany & Bosco, P.A.
6  2525 East Camelback Road, Third Floor
7  Phoenix, Arizona 85016

8  /s/ Carla Webb
9  _____

4